1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9

LACY CHARLES BLACK,

CASE NO. 1:15-cv-01124(PC)

10

Plaintiff,

**ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND**

11

12

v.

**(ECF No. 1)**

13

DELANO REGIONAL MEDICAL
CENTER, ET AL.,

**THIRTY (30) DAY DEADLINE**

14

Defendants.

15

16

17         Plaintiff, Lacy Charles Black, is a state prisoner proceeding *pro se* and in *forma*

18   *pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has

19   consented to Magistrate Judge jurisdiction.  (ECF No. 8.) No other parties have

20   appeared in this action. Plaintiff's complaint is before the court for screening.

21   **I.     SCREENING REQUIREMENT**

22         The Court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

25   raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

26   relief may be granted, or that seek monetary relief from a defendant who is immune from

27

28

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may

be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arose at Kern Valley State Prison (KVSP), where he remains

incarcerated.  He names as defendants the following individuals: Martin Biter, the

warden of KVSP; Bahram Ghaffari, the Chief Executive Officer of Delano Regional

Medical Center (DRMC); and Bruce Peters, the Chief Executive Officer of Mercy

Hospital in Bakersfield.

Plaintiff's claims may be summarized essentially as follows:

On January 29 and 30, 2013, medical staff at both Mercy Hospital and Delano

Regional Medical Center X-Rayed Plaintiff's left shoulder and misdiagnosed Plaintiff with

shoulder pain or a shoulder sprain.  In fact, Plaintiff suffered from a severe posterior

shoulder dislocation.  As a result of the misdiagnosis, Plaintiff "endure[d] intolerable

amounts of constant excruciating pain" for the next five months, during which time the

many sick call forms he submitted were ignored.  Ultimately, Plaintiff had to undergo

multiple surgeries.  However, the delay in treatment has led to permanent damage and

deterioration of Plaintiff's bones and loss of use of his left shoulder and arm.

Plaintiff requests damages to cover future surgeries and compensate for his

mental and physical anguish; injunctive relief in the form of a transfer to an institution

where he would receive adequate medical care; and for "the proper personnel" to be

"held accountable and penalized."

**III. ANALYSIS**

Plaintiff claims that defendants' provision of care violated the Fifth, Eighth and Fourteenth Amendments and constituted negligence and medical malpractice under state law.   Plaintiff's claims, as stated, are not cognizable here.  First, Plaintiff provides no basis for his alleged Fifth or Fourteenth Amendment claims.  Second, Plaintiff has not pled sufficient facts for the court to determine if his treatment gives rise to an Eighth Amendment medical indifference claim.  Third, Plaintiff has not adequately linked defendants to his claims: he has not shown Defendant Biter's personal involvement in his medical care; and he has not pleaded facts indicating that Ghaffari and Peters are state actors subject to liability under 42 U.S.C. § 1983.  Finally, Plaintiff has not alleged compliance with the California Tort Claims Act, a prerequisite to bringing tort claims against public entities. Therefore, the Court will dismiss Plaintiff's complaint, but give him leave to amend to correct the above deficiencies that are capable of correction.

**A. Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B. Fifth & Fourteenth Amendments

Plaintiff makes conclusory allegations that Defendants' conduct violated the Fifth and Fourteenth Amendments.  However, he does not specify the acts or omissions he alleges are unconstitutional, or his reasons for believing they are so.  The Court can envision no Fifth or Fourteenth Amendment causes of action that would apply in this medical care context Plaintiff describes. Leave to amend these claims would be futile. The Court will dismiss them with prejudice.

### C. Medical Indifference

#### 1. Legal Standard

The Eighth Amendment of the United States Constitution entitles prisoners to medical care, and a prison official violates the Amendment when he acts with deliberate indifference to an inmate's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "A

1   medical need is serious if failure to treat it will result in significant injury or the

2   unnecessary and wanton infliction of pain." <u>Peralta</u>, 744 F.3d at 1081 (citing <u>Jett</u>, 439

3   F.3d at 1096). Examples of a serious medical need include "the existence of an injury

4   that a reasonable doctor or patient would find important and worthy of comment or

5   treatment; the presence of a medical condition that significantly affects an individual's

6   daily activities; or the existence of chronic and substantial pain." <u>Colwell v. Bannister</u>,

7   763 F.3d 1060, 1066 (9th Cir. 2014).

8

9       A prison official shows deliberate indifference to such a need if he "knows of and

10  disregards an excessive risk to inmate health." <u>Peralta</u>, 744 F.3d at 1082 (citing <u>Farmer</u>

11  <u>v. Brennan</u>, 511 U.S. 825, 837 (1994). This "requires more than ordinary lack of due

12  care." <u>Colwell</u>, 763 F.3d at 1066 (citing <u>Farmer</u>, 511 U.S. at 835).  Instead, the prison

13  official must "be aware of facts from which the inference could be drawn that a

14  substantial risk of serious harm exists, and he must also draw the inference." <u>Colwell</u>,

15  763 F.3d at 1066.  Prison officials may demonstrate deliberate indifference when they

16  "deny, delay, or intentionally interfere with medical treatment," and prison doctors can be

17  deliberately indifferent in their provision of care. <u>Id.</u>

18

19      A prison official provides unconstitutional care where he or she ignores a previous

20  treating physician's instructions, knows that a course of treatment is ineffective but

21  continues it anyway, or delays necessary treatment without justification. <u>See</u> <u>Jett v.</u>

22  <u>Penner</u>, 439 F.3d 1091, 1097-1098 (9th Cir. 2006); <u>Estate of Prasad ex rel. Prasad v.</u>

23  <u>Cty. of Sutter</u>, 958 F.Supp.2d 1101, 1112-1113 (E.D. Cal. 2013).  Purposefulness may

24  be inferred where a prison official is aware of the extent of the inmate's pain but declines

25  to do anything to improve the inmate's situation. <u>See Jett</u>, 439 F. 3d at 1098.  An

26  inmate's harm need not be substantial, <u>Id.</u>, at 1096 (citing <u>McGuckin v. Smith</u>, 974 F.2d

27

28

1050, 1062 (9th Cir. 1992)), and even brief periods of unnecessary pain may be unconstitutional. See Clement v. Gomez, 298 F.3d 898, 904-905 (9th Cir. 2002).

Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008); see also Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014)(distinguishing plaintiff's long-uncorrected cataracts from "a case of ordinary medical mistake or negligence" and finding defendants deliberately indifferent).  Even a showing of medical malpractice or gross negligence is insufficient to establish a constitutional violation.  Simmons v. Navajo Cnty., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Rather, "the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012)(*overruled on other grounds by* Peralta, 744 F.3d at 1083)(quoting Jackson, 90 F.3d at 332).

### 2. Serious Medical Need

Plaintiff has alleged sufficient facts to establish that he had a serious medical need: a "severe posterior [shoulder] dislocation" leading to excruciating pain, multiple surgeries, and permanent mobility deficits.  For screening purposes, the Court finds that Plaintiff has satisfied the first prong of a medical indifference claim.  Nonetheless, if Plaintiff chooses to amend his complaint in other respects, the Court encourages him to provide more detailed, chronologically-organized information describing the onset of the

6

injury, the dates his symptoms arose, and the dates of various diagnoses and

treatments, including the medications and surgeries Plaintiff received.

### 3. Deliberate Indifference

Plaintiff has not alleged sufficient facts to indicate that medical staff at KVSP were

deliberately indifferent to his medical needs.  Plaintiff has not provided a coherent

timeline of events, named any medical providers who responded or failed to respond his

requests for medical attention, or explained his basis for believing the care he received

was deliberately "medically unacceptable."  The mere allegation that his injuries were

misdiagnosed does not establish a constitutional claim, even if the misdiagnosis was a

result of negligence or medical malpractice.  See Simmons, 609 F.3d at 1019. In

addition, Plaintiff must direct his claims against individual prison staff member(s) whom

he claims provided inadequate care and he must allege facts that would support a claim

that they acted knowingly, deliberately, and caused him harm as a result.

### D.  Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally

participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77

(2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588

F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff may not attribute liability to a group of defendants, but must "set forth specific

facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844

F.2d 628, 634 (9th Cir. 1988); see also  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

1989).  Liability may not be imposed on supervisory personnel under the theory of

respondeat superior, as each defendant is only liable for his or her own misconduct.

Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable

if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### 1. Defedant Biter

Plaintiff provides no basis for listing Warden Biter as a defendant in this action. As Warden, Biter does not appear to have provided medical care directly to Plaintiff, and Plaintiff has not indicated that Biter was aware of Plaintiff's injuries or treatment. If Plaintiff chooses to amend his claim, he must list the individual medical providers who allegedly treated him unconstitutionally, and/or allege facts that Biter was aware of the unconstitutional treatment and failed to intervene to prevent it.

### 2. Defendants Ghaffari & Peters

Prisoners may only bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii).  Private individuals, not employed by the prison or another state agency, do not act under color of state law unless they are so closely affiliated with the state that their conduct "may fairly be treated as that of the state itself." Jensen v. Lane Cnty., 222 F.3d 570, 575 (9th Cir. 2000)(citing Jackson v. Metro. Edison Co., 418 U.S. 345, 350 (1974). In the prison medical care context, such close affiliations exist where a private physician or hospital contracts with a state prison to provide care to inmates. See West v. Atkins, 487 U.S. 42, 55-56 (1988); George v. Sonoma Cnty. Sheriff's Dept., 732 F.Supp.2d 922, 936 (N.D. Cal. 2010); see also Jensen v. Lane Cnty., 222 F.3d 570, 575 (9th Cir. 2000)(relationship between county and private psychiatric group providing mental evaluations was so "deeply intertwined" that

8

psychiatrist who signed commitment order acted under color of state law for § 1983 purposes).

Here, Ghaffari and Peters are not employees of the state, but executives at private hospitals.  Plaintiff does not allege that there is any contractual, or otherwise "deeply intertwined," relationship between the hospitals and the prison.  Therefore, Plaintiff has failed to allege that Defendants acted under color of state law.

Moreover, even if Plaintiff had established that Ghaffari and Peters were state actors, he has not shown that they personally participated in a deprivation of his rights.  As with Defendant Biter, Plaintiff has not alleged that Ghaffari or Peters were aware of, much less actively participated in, his care and treatment. Therefore, Plaintiff's claims against Ghaffari and Peters will be dismissed without prejudice.

**E.     State Law Negligence & Malpractice Claims**

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(c)(3); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001).  Where a "court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). Here, Plaintiff has failed to state a cognizable federal claim, so the court declines to exercise jurisdiction over possible state claims. If Plaintiff amends his complaint to state a federal claim, the Court will reexamine the issue of supplemental jurisdiction.

In addition, before the Court could potentially consider the validity of Plaintiff's state claims, Plaintiff must allege compliance with the California Tort Claims Act.  The Act

requires would-be tort plaintiffs to present their claims against public entities to the

California Victim Compensation and Government Claims Board, no more than six months

after the cause of action accrues.  CAL. GOVT. CODE § 905.2, 910, 911.2, 945.4, 950-

950.2.  Presentation of a written claim, and action on or rejection of the claim, are

prerequisites to filing suit.  Castaneda v. CDCR, 212 Cal. App. 4th 1051, 1061 (Cal. Ct.

App. 2013); Easter v. CDC, 694 F.Supp.2d 1177, 1185-1186 (S.D. Cal. 2010).  Here,

Plaintiff has not alleged compliance with the Act.  If Plaintiff chooses to pursue state

claims, he must first present them to the Victim Compensation and Government Claims

Board.

**IV. CONCLUSION**

Plaintiff's complaint fails to state an Eighth Amendment or other claim against

Defendants.  Plaintiff has not alleged facts indicating he was treated with deliberate

indifference, has not linked any Defendant to the alleged deprivations of his rights, and

has not alleged compliance with the Tort Claims Act, such as would make his state

claims viable.

Except as to the Fifth and Fourteenth Amendment claims described above, which

the Court HEREBY DISMISSES WITH PREJUDICE, the Court grants Plaintiff the

opportunity to correct the deficiencies analyzed above in an amended complaint.  See

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446,

1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by

adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605,

607 (7th Cir. 2007)(no "buckshot" complaint).

An amended complaint would supersede the prior complaint. Forsyth v. Humana,

Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 f.2d 565, 567 (9th Cir.

1987). Thus, it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**V. ORDER**

It is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his Complaint (ECF No. 1), filed July 1, 2015;

2. Plaintiff's Complaint is DISMISSED for failure to state a claim;

3. Plaintiff's Fifth and Fourteenth Amendment claims are DISMISSED WITH PREJUDICE;

4. Plaintiff's Eighth Amendment and state law claims are DISMISSED WITHOUT PREJUDICE;

5. Plaintiff shall file an amended complaint within thirty (30) days; and

6. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Coleman v. Tollefson</u>, 135 S.Ct. 1759, 1764 (2015).

IT IS SO ORDERED.

Dated:   __August 18, 2015__            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28