UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LACY CHARLES BLACK, | CASE NO. 1:15-cv-01124-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE** |
| v. | |
| DELANO REGIONAL MEDICAL CENTER, et al., | |
| Defendants. | **(ECF Nos. 17 & 19)** |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared.

On June 17, 2016, the Court screened Plaintiff's first amended complaint and found it stated no cognizable claims. (ECF No. 17.) The Court dismissed the complaint and granted Plaintiff thirty days to file a second amended complaint or a notice of voluntary dismissal. Id. On August 8, 2016, Plaintiff requested a thirty day extension of time to file a second amended complaint. (ECF No. 18.) On August 11, 2016, that motion was granted, and Plaintiff was directed to file his second amended complaint within thirty days. (ECF No. 19.) The thirty day deadline has passed and Plaintiff has filed neither a

second amended complaint nor a notice of voluntary dismissal.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall file either a second amended complaint or a notice of voluntary dismissal, or shall show cause as to why this action should not be dismissed with prejudice for failure to prosecute, failure to comply with a Court order, and failure to state a claim; and

2. If Plaintiff fails to show cause or file a second amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   November 4, 2016            /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3